```
                                                                    FILED
                                                              U.S. DISTRICT COURT
              IN THE UNITED STATES DISTRICT COURT              MIDDLE GEORGIA
                FOR THE MIDDLE DISTRICT OF GEORGIA
                          MACON DIVISION                      2006 JUL 12 AM 8:02
```

MICHAEL LONDON,

      Plaintiff

VS.                           CIVIL ACTION NO. 5:05-CV-227 (WDO)

THURBERT BAKER,

      Defendant         **ORDER**

This case is on remand from the United States Court of Appeals for the Eleventh Circuit. The only issue on remand is whether plaintiff is entitled to a reopening of the appeal period pursuant to Fed. R. App. P. 4(a)(6).

## I. PROCEDURAL HISTORY

Plaintiff **MICHAEL LONDON** is currently incarcerated at the Jack T. Rutledge State Prison in Columbus, Georgia. Plaintiff originally filed a "Motion for Temporary Restraining Order" in this Court on July 5, 2005. (R. at 1). Plaintiff did not pay the filing fee ($250.00 at that time); nor did he file a motion to proceed *in forma pauperis*. Due to his failure to pay the filing fee, the Court assumed plaintiff desired to proceed *in forma pauperis*.

A review of Court records revealed that plaintiff had, during his incarceration, at least three previous lawsuits that were dismissed as frivolous. See 28 U.S.C. § 1915(g). Moreover, the Court found that plaintiff was not under imminent danger of physical injury. *Id*. Therefore, in an Order dated August 2, 2005, the Court gave plaintiff thirty (30) days from his receipt of the Order to pay the $250.00 filing fee. (R. at 6).

Plaintiff did not pay the filing fee, and, instead, filed a motion to proceed *in forma pauperis*. (R. at 14). In an Order dated November 15, 2005, the Court again informed plaintiff that he could not proceed *in forma pauperis* and gave him ten (10) days to show cause to the Court why his lawsuit should not be dismissed for failure to pay the filing fee. (R. at 15). Plaintiff did file a response, in which he completely failed to address the issue of the necessary filing fee. (R. at 16). In an Order dated January 4, 2006, plaintiff's complaint was dismissed without prejudice; judgment was entered on the same date. (R. at 17, 18).

Thereafter, on March 15, 2006, plaintiff filed an "Emergency Motion in Support of Remand to State Court." (R. at 19). The Court dismissed this motion as moot in an Order dated March 16, 2006. (R. at 21).

On April 17, 2006, Plaintiff notified the Court that he had not received its January 4, 2006 Order of dismissal without prejudice or subsequent March 16, 2006 Order because he was no longer at Bostick State Prison in Hardwick, Georgia. (R. at 22). Plaintiff requested copies of the Orders, and the Court forwarded the same to him.

Plaintiff filed a Notice of Appeal dated April 20, 2006. (R. at 23).

Given the untimely nature of plaintiff's Notice of Appeal, coupled with plaintiff's notification that he did not receive notice of the January 4, 2006 and March 16, 2006 Orders until approximately April 17, 2006, the United States Court of Appeals for the Eleventh Circuit has remanded the case to this Court in order for it to determine if plaintiff is entitled to a reopening of his appeal period pursuant to Fed. R. App. P. 4 (a) (6). (R. at 30).

## II. PLAINTIFF'S APPEAL PERIOD SHOULD BE REOPENDED

Fed. R. App. P. 4(a)(6) provides as follows:

The district court may reopen the time to file an appeal for a period of 14 days after

the date when its order to reopen is entered, but only if all the following conditions are satisfied:

(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

In this case, Plaintiff informed the Court that he did not receive notice of the January 4, 2006 Order and Final Judgment or the March 16, 2006 Order until April 17, 2006; which is more than 21 days after their entry. It appears that these Orders and Judgment were forwarded to Bostick State Prison, and plaintiff had been transferred from that prison.[1] (R. at 22, 23). Therefore, plaintiff meets the criteria in Fed. R App. P. 4(a)(6)(A).

Furthermore, plaintiff's notice of appeal is dated April 20, 2006 and was filed in this Court on April 24, 2006. As plaintiff received notice of these Orders and Judgment on April 17, 2006, this is within 7 days of his receipt of notice. Therefore, plaintiff meets the criteria shown in Fed. R. App. P. 4(a)(6)(B).

Finally, the Court finds that no party will be prejudiced by its reopening of the appeal period in this case.

Accordingly, as all of the conditions shown in Fed. R. App. P. 4(a)(6) have been satisfied, the Court reopens the time for plaintiff to file an appeal for a period of 14 days after the date when

---

[1] Plaintiff was incarcerated at the Bostick State Prison when he commenced this 42 U.S.C. § 1983 action on July 5, 2005. (R. at 1). However, it does appear that plaintiff was transferred to Wheeler Correctional Facility at some time prior to September 6, 2005. (R. at 14). It does not appear that the Court picked up on this change of address and continued to send all correspondence to Bostick State Prison.

this Order to reopen is entered.[2] Plaintiff is informed that he must file a new Notice of Appeal within 14 days after the date shown on this Order.

**SO ORDERED**, this 11th day of July, 2006.

_____
WILBUR D. OWENS, JR.
UNITED STATES DISTRICT JUDGE

lnb

---

[2] The Court notes that plaintiff has not paid the full filing and docketing fees for appeal; nor has he filed a motion to proceed *in forma pauperis* on appeal. As the Court explained in its previous August 2, 2005 Order, a prisoner is not allowed to bring or appeal a judgment in a civil action or proceeding if he has had three or more lawsuits dismissed as frivolous. If plaintiff should file a motion to proceed *in forma pauperis* on appeal, the Court will not grant such motion because plaintiff has had at least three previous actions dismissed as frivolous. (R. at 6).